IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ROSAURA GONZÁLEZ-RUCCI
IN REPRESENTATION OF TEOFILO
AVILA,

    Petitioners,

      v.

REBECCA GONZÁLEZ-RAMOS,
ET. AL.,

    Defendants.

CIV. NO.: 26-1045 (SCC)

**ORDER**

On January 27, 2026, Petitioners filed a *Petition for Writ of Habeas Corpus*, *Urgent Motion Requesting Order Prohibiting the Transfer of Petitioner from Puerto Rico to Other Jurisdiction and that this Court Conduct a Bond Hearing* (the "*Urgent Motion*"), and *Emergency Motion for Temporary Restraining Order* (the "*TRO*"). *See* Docket Nos. 1, 3, 4. On January 28, 2026, Petitioners attested that service was executed upon Defendants. *See* Docket Nos. 9, 10. On January 29, 2026, the Court granted the *Urgent Motion* and *TRO*. *See* Docket No. 12. Specifically, the Court ordered that: "the Government shall not transfer Mr. Avila outside of Puerto Rico and that he

be granted a bond hearing before an Immigration Judge no later than February 12, 2026." *Id.* at pg. 8.  Despite this order, the Court has now been made aware that Mr. Avila was transferred outside of Puerto Rico, specifically to Miami, Florida where he is currently detained at Broward Transitional Center. *See* Docket No. 13-2, pg. 2.  As a result, Petitioners now move the Court to order the return of Mr. Avila to the District of Puerto Rico.  Docket No. 13, pg. 2.

Despite Mr. Avila's transfer, the Court retains jurisdiction over the habeas petition. *See Ozturk v. Hyde*, 136 F.4th 382, 387 (2d Cir. 2025) (upholding the lower court's order to return Petitioner to the venue where she was detained at the time her habeas petition was initially filed); *see also Ozturk v. Trump*, 777 F. Supp. 3d 26, 36 (D. Mass. 2025) ("'[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction.'") (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)).  Mr. Avila was detained at his home in Puerto Rico on January 19, 2026.  Docket No. 1, pg. 1.  He was then transferred to the Aguadilla Processing Center, where he remained under custody. *Id.*  Based on the record before the Court, there appears to be a discrepancy regarding the date of transfer. *See* Docket No. 15-3, pg. 1 ("On January 27, 2026, at 11:50pm Atlantic Standard Time, the

Petitioner boarded an ICE Air Flight destined to Miami, Florida."); *see, in contrast,* Docket No. 13, pg. 2 ("Petitioner Teofilo Avila was removed from the jurisdiction of the Commonwealth of Puerto Rico to the United States after 4:00 p.m. on January 28, 2026."). Notwithstanding the discrepancy, it is undisputed that Mr. Avila was detained in Puerto Rico at the time that his habeas petition, which identified Rebecca González Ramos as his immediate custodian, was properly filed before this Court. *See* Docket No. 13, pgs. 3–4; *see also* Docket No. 1, pgs. 3–4.

Accordingly, the Court **GRANTS** Petitioners' motion to compel at Docket No. 13 and **ORDERS** that Mr. Avila be returned to the District of Puerto Rico by **February 2, 2026**. To be clear, the TRO ordered by the Court at Docket No. 12. remains in place and strict compliance with the same is mandatory, not discretionary. Failure to comply with this Order shall result in Rebecca González Ramos, as Mr. Avila's designated custodian, being held in contempt of court. Seeing as the Court has jurisdiction over this matter, Respondent's motion to dismiss at Docket No. 15 is **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of January 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE