IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

ROSAURA GONZÁLEZ-RUCCI
IN REPRESENTATION OF TEOFILO
AVILA,

    Petitioners,

        v.

REBECCA GONZÁLEZ-RAMOS,
ET. AL.,

    Defendants.

CIV. NO.: 26-1045 (SCC)

## OPINION AND ORDER

Pending before the Court is a petition for writ of habeas corpus (the "Petition") filed by Petitioner Teofilo Avila ("Mr. Avila"), by way of his attorney Rosaura González-Rucci. *See* Docket No. 1. Also before the Court is a motion to dismiss the Petition for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) filed by the Government. Docket No. 19. Mr. Avila did not oppose the Government's motion. For the reasons set forth below, the Petition is **DISMISSED** because it is **MOOT**, therefore rendering the Government's motion to dismiss also **MOOT**.

### I.  BACKGROUND

On January 27, 2026, Mr. Avila filed a Petition "seeking

relief to remedy his unlawful detention." Docket No. 1, pg. 1. Mr. Avila explained that he was "detained [] during a non-violent enforcement operation in Barrio Obrero, Puerto Rico," and then transferred to the "CBP station in Base Ramey in Aguadilla." *Id.* at pgs. 1–2. As a result, he sought the Court's intervention, alleging that his detention violated the Fifth Amendment to the U.S. Constitution, specifically his rights related to due process, access to counsel, and conditions of confinement. *Id.* at pgs. 9–12. Mr. Avila also asserted a statutory claim under the Administrative Procedure Act. *Id.* at pgs. 12–13.

On the same day, Mr. Avila moved for the issuance of a temporary restraining order prohibiting his transfer out of Puerto Rico until he received a bond redetermination hearing. *See* Docket Nos. 3, 4. The Court granted the motions and ordered that Mr. Avila receive a bond hearing. Docket No. 12. The hearing was held on February 12, 2026, Docket No. 29, pg. 1, during which the Immigration Judge ordered that Mr. Avila "be released from custody under a bond of $7,500.00." Docket No. 31-2, pg. 3. Mr. Avila was released on the following day, February 13, 2026. Docket No. 31, pg. 2. With this recitation complete, the Court considers the Government's request to dismiss the Petition.

## II. ANALYSIS

Pursuant to Article III of the U.S. Constitution, this Court's jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III § 2. A lawsuit falls outside of this jurisdictional grant when it becomes moot, meaning that "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Harris v. Univ. of Massachusetts Lowell*, 43 F.4th 187, 191 (1st Cir. 2022) (referencing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). In such an instance, a defendant may move, as here, for dismissal for want of federal subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1).

Mr. Avila was detained when he filed his Petition before this Court on January 27, 2026. Docket No. 1. For that reason, Mr. Avila requested this Court's intervention. *Id.* at pg. 13. Thereafter, however, the Immigration Judge ordered his release, which was executed on February 13, 2026. Docket No. 31, pg. 2. Although the same had not yet occurred on the date in which Mr. Avila filed the instant Petition, "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). In sum, given that the

Petition is moot, it is now "impossible for the court to grant any effectual relief whatever to a prevailing party, [and] the action must be dismissed.'" *Gulf of Me. Fishermen's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002).

### III. CONCLUSION

In light of the above, Mr. Avila's Petition at Docket No. 1 is **MOOT**, therefore making the Government's motion to dismiss filed at Docket No. 19 also **MOOT**.  Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of April 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE